JAMES H. FAULKNER, Retired Justice.
In a seven-count indictment, Clifton Williams was charged with one count of trafficking in cocaine, in violation of § 13A-12-231, Code of Alabama 1975; three counts of distribution of cocaine, in violation of § 13A-12-211, Code of Alabama 1975; and three counts of possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975.
Pursuant to a plea agreement entered into with the State, Williams withdrew his not-guilty pleas to the seven counts and entered guilty pleas to the trafficking count and the three distribution counts. Pursuant to the plea agreement, the three possession counts were dismissed on motion of the State.
After a colloquy between the trial court and Williams and his retained counsel, the court accepted Williams’s guilty pleas as having been knowingly, intelligently, and voluntarily made. Williams was sentenced to one 22-year term of imprisonment on the trafficking count and to three 15-year terms of imprisonment on the distribution counts, with the three 15-year terms to run concurrently with the 22-year term.
Williams subsequently filed a motion for new trial and/or motion to set aside the guilty pleas, alleging, inter alia, that his guilty pleas should be set aside because he had not received adequate and effective assistance of counsel from defense counsel in connection with his entry of the four guilty pleas. After receiving testimony and evidence from both the State and Williams, the trial court denied Williams’s motion.
The sole issue presented on appeal is whether the trial court committed reversible error in denying Williams’s motion on the ground that Williams was denied effective assistance of counsel because defense counsel was allegedly unprepared for trial and allegedly coerced Williams into pleading guilty.
Williams testified at the hearing on his motion for new trial and motion to set aside his guilty pleas that he had initially retained a lawyer from Birmingham to represent him. According to Williams, after several continuances, his case was set for trial on January 8, 1990. On this initial trial date, the lawyer he had retained sent another lawyer from his office to handle the matter, and he advised Williams to accept the State’s settlement offer of 20 years on the trafficking count. According to Williams, defense counsel was sitting in the courtroom at this time, and he approached Williams and said that he could “beat” the State’s settlement offer and that “the way they are handling this, they are trying to railroad you.” Based on defense counsel’s representations, Williams dismissed his attorney of record and retained Richard Fant.
Williams further testified that on at least one occasion defense counsel told him that the trial court had given him 60 to 90 days to prepare the case for trial. The record reveals, however, that on January 16, 1990, Williams’s case was set for trial on February 5, 1990.
According to Williams, every time he called defense counsel or went by his office, he was always busy, and when Williams did sit down to talk to him, defense counsel would be on the telephone and when he would get off the telephone, he would discuss other people’s cases. On *622 these occasions, Williams never saw a secretary in defense counsel’s office.
According to Williams, on Friday, February 2, 1990, he received a subpoena to appear in court for trial on Monday, February 5. Williams called defense counsel immediately and, despite repeated attempts to reach him, was unable to communicate with him until defense counsel returned his call on Sunday, February 4, and asked Williams to meet him at his office that afternoon. According to Williams, defense counsel then informed him that because he was not prepared for trial, he would go to the courthouse the next day and get a continuance. According to Williams, defense counsel never discussed witnesses to be subpoenaed for the defense, whether Williams was to take the witness stand at his trial, or any details regarding Williams’s trial defense.
Williams and his mother, Annie Washington, then met defense counsel at his office early on the morning of February 5, 1990. According to Mrs. Washington, defense counsel told them that he was not prepared and asked them to go with him to the courthouse to “see what we can do.” According to Williams and his mother, they then met defense counsel in a room at the courthouse, and he started discussing a guilty plea with them. Williams then asked defense counsel what had happened to the continuance. Defense counsel then left the room and returned with some papers for Williams to sign. Defense counsel allegedly told them that the judge would not grant a continuance and that if Williams did not sign the Ireland forms, he would refuse to represent him. According to Williams and his mother, defense counsel at no time read or explained the forms to Williams. Williams further testified that defense counsel said that if Williams signed the guilty plea forms, he would be out of prison in between two and three and one-half years. Williams also testified that defense counsel instructed him on how to answer the judge’s questions regarding the voluntariness of his guilty pleas.
Defense counsel did not testify at the post-trial hearing, but his office file on Williams’s case was subpoenaed and is part of the record on appeal. The file contains the following pertinent documents: 1) copies of the juror rolls and summons for the week of January 8, 1990; 2) copies of the State’s discovery documents given to defense counsel on January 8, 1990; 3) handwritten notes outlining the facts of Williams’s case; 4) handwritten notes and a copy of a federal case addressing the constitutionality of “schoolyard” enhancement legislation; 5) a pleading dealing with entrapment and the constitutionality of Alabama’s schoolyard legislation, which is signed by defense counsel but which does not include a certificate of service or a file stamp showing that the pleading was filed with the court in Williams’s case; 6) a copy of Williams’s trial subpoena for February 5, 1990; and, an executed copy of Williams’s Ireland form dated February 5, 1990.
In the inside cover of the file appear handwritten notes that state that defense counsel had not prepared jury instructions, voir dire questions, research, Williams’s trial testimony, or opening and closing arguments and that defense counsel had failed to subpoena witnesses for trial. It is unclear who wrote these notes.
To prevail upon a claim of ineffective assistance of counsel, a defendant must satisfy the two components articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
“A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a *623 defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process than renders the result unreliable.”
466 U.S. at 687, 104 S.Ct. at 2064.
In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel:
“We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ] and McMann v. Richardson, [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]. The second, or ‘prejudice,’ requirement, on the other hand, focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the ‘prejudice’ requirement, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.”
474 U.S. at 58-59, 106 S.Ct. at 370.
Based upon the record , before us, which we note contains no testimony from defense counsel that might controvert the testimony of Williams or his mother, we hold that Williams has satisfied both components of his ineffective assistance of counsel claim in a guilty plea context.
Williams established defense counsel’s deficient performance by showing 1) that defense counsel repeatedly ignored Williams’s attempts to discuss his ease either in person or by the telephone; 2) that defense counsel, who told his client that he would not go to trial for 60 or 90 days, failed to request a continuance of the February 5, 1990, trial date until the morning of the trial and was unsuccessful in obtaining a continuance; 3) that defense counsel did not meet with his client until the eve of the February 5 trial date, when he told Williams that he was not prepared for trial; and 4) that defense counsel’s office file on Williams’s case suggested that he had neither subpoenaed trial witnesses nor prepared jury instructions, voir dire questions, opening and closing arguments, or Williams’s trial testimony.
Williams also established that but for defense counsel’s unpreparedness and coercive conduct, Williams would not have pleaded guilty and would have insisted on going to trial. Williams and his mother both testified that Williams wanted a trial and that defense counsel had coerced Williams into pleading guilty by refusing to represent Williams if he went forward with the trial. Williams was clearly prejudiced by defense counsel’s conduct because he knew that defense counsel was not prepared to try his case and could not obtain a continuance and that defense counsel would withdraw as his attorney if he insisted on going to trial.
The trial court therefore erred in denying Williams’s motion for new trial and/or motion to set aside his guilty pleas.
The judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.